UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES HARRISON,                                 CIVIL CASE NO. 05-40078

                    Plaintiff,           HONORABLE PAUL V. GADOLA
v.                                                U.S. DISTRICT JUDGE

WAL-MART STORES, INC.,

                    Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING PREVIOUS ORDER OF REMAND, AND, UPON RECONSIDERATION, ORDERING REMAND ON DIFFERENT GROUNDS**

    Before the Court is a motion for reconsideration, which was brought jointly by both Plaintiff and Defendant. The motion requests reconsideration of this Court's order of remand that was issued on April 26, 2005. Because the Court's order was based on a stipulation that was submitted by mistake, the Court will grant the motion for reconsideration and vacate the April 26, 2005 order of remand. In reconsidering the jurisdictional issue, the Court determines that the amount in controversy has not been sufficiently substantiated. The Court will therefore remand this case for the reasons stated below.

**I.   BACKGROUND**

    In an order filed on March 21, 2005, the Court ordered Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Specifically,

the Court ordered Defendant to substantiate the assertion that the amount in controversy in this diversity action exceeds $75,000.00 by a preponderance of the evidence. Durant v. Servicemaster Co., 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001) (Gadola, J.). Defendant filed a response to the order to show cause on April 4, 2005.

Subsequent to the response, the parties submitted a stipulation, which this Court signed on April 25, 2005, stating that "any award as a result of this claim entered by either judge or jury shall <u>not</u> be in excess of Seventy-Five Thousand ($75,000.00) Dollars. . . ." Stip. at 1 (emphasis added). The parties effectively stipulated to an amount in controversy below the jurisdictional amount. Consequently, the Court remanded the case based on the stipulation. The parties now ask the Court to reconsider that order.

**II. ANALYSIS**

To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.).

7.1(g)(3).

In this case, there was a palpable defect in that the stipulation was erroneously entered. From the motion for reconsideration and the attached affidavit, it appears that the parties intended to submit a stipulation regarding scheduling dates, but instead submitted the stipulation limiting damages. This confusion may have been caused in part by a death in the family of the principal attorney for Plaintiff and the misunderstanding of an associate attorney or a legal secretary on the case.

Because of this mistake regarding the stipulation, a different disposition occurred, because without the mistake the Court would not have entered the stipulation and would not have remanded the case on that basis. The Court will therefore strike the stipulation and vacate the order of remand and will reconsider the jurisdictional issue.

**III. RECONSIDERATION OF THE JURISDICTIONAL ISSUE**

In reconsidering the jurisdictional issue, the Court will review the response provided by Defendant to the Court's order to show cause. As the Court previously noted, a defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and "[t]he notice of removal 'is to be strictly construed, with all doubts resolved against removal.'" <u>Durant v.</u>

Servicemaster Co., 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001) (Gadola, J.) (citing Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quoting and citing Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989))). "In cases removed to a federal court 'where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant who removes the case has the burden of proving by a **preponderance of the evidence** that the amount in controversy more likely than not exceeds the jurisdictional amount." Durant, 147 F. Supp. 2d at 748 (emphasis added)(citing and quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). "The mere assertions of the parties will not defeat a remand for failure to satisfy the jurisdictional amount." Durant, 147 F. Supp. 2d at 748.

Defendant's response concedes that Plaintiff's "Complaint is **vague** as to plaintiff's specific injuries," but argues that "it can be reasonably inferred that plaintiff **possibly** suffered a neck injury, shoulder injury, lower back injury and/or closed head injury." Resp. at 3 (emphasis added). Defendant then refers to other settlements and verdicts from state cases in this district that have generated sufficient awards. The Court considers such comparisons, without more evidence, to be speculative. Defendant's

4

allegations regarding other cases involving similar injuries or the same causes of action are not equivalent to alleging specific facts concerning the amount in controversy in this particular case.

The Sixth Circuit has articulated the need for "competent proof" of jurisdictional allegations:

> [t]he authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he <u>must support them by competent proof</u>. And where they are not so challenged <u>the court may still insist that the jurisdictional facts be established or the case be dismissed</u>, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations <u>by a preponderance of the evidence</u>.

<u>Gafford v. Gen. Elec. Co.</u>, 997 F.2d 150, 160 (6th Cir. 1993) (emphasis added). Without some specific evidence such as medical records, or at least a clear description of Plaintiff's injuries, the Court cannot conclude that the amount in controversy has been satisfied.

As noted above, the Court has stricken from the record the parties' stipulation regarding a limitation of damages. Plaintiff does not stipulate to a limitation on damages, but this does not entail that the Court has jurisdiction. "[I]f a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount [and] if the plaintiff refuses to stipulate,

the case cannot be removed based solely on this refusal." McLain v. Am. Int'l Recovery, Inc., 1 F. Supp. 2d 628, 630-31 (S.D. Miss. 1998) (citing Gibble v. Wal-Mart Stores, Inc., No. 95-4327, 1996 WL 41572, at *1 (E.D. Pa. Feb. 2, 1996); Smith v. Bally's Holiday, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994)). The lack of a stipulation fails to establish that the jurisdictional amount has been satisfied.

While it is true that the preponderance of the evidence standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement," Defendant is still required to meet the preponderance of the evidence requirement. Gafford, 997 F.2d at 158. Without greater specificity or documentation, the Court is unable to conclude that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence.

Finally, the Court notes that the removal statute does provide that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

**IV. CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the parties' joint motion for reconsideration [docket entry 14] is **GRANTED.**

**IT IS FURTHER ORDERED** that the stipulation that both parties agree was entered in error [docket entry 13] is **STRICKEN FROM THE RECORD.**

**IT IS FURTHER ORDERED** that the Court's April 26, 2005 order of remand [docket entry 11] is **VACATED.**

**IT IS FURTHER ORDERED** that, upon reconsideration, the Court determines that based on the different grounds articulated above, this case, **05-40078,** is hereby **REMANDED** to the Circuit Court for Wayne County because this Court lacks subject matter jurisdiction.

Dated: May 10, 2005
                s/Paul V. Gadola
                HONORABLE PAUL V. GADOLA
                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 10, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Dane A. Lupo  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Cary M. Makrouer; Keitha Cowen  .
                s/Ruth A. Brissaud
                Ruth A. Brissaud, Case Manager
                (810) 341-7845